IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TREMAYNE BEARD,<br><br>　　　　Defendant-Movant. | No. 1:16-cr-00046 NONE<br><br>ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART REQUEST TO SEAL<br><br>(Doc. No. 47) |

　　　　Before the court for decision is defendant's request to seal Exhibits C-F to his supplemental motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Doc. No. 47.) The court starts from the position that "[a]ll information provided to the Court in a specific action is presumptively public." E.D. Cal. Local Civ. R. 141.1(a)(1); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). With respect to defendant's sealing request, the court must consider the factors set forth in *Oregonian Publishing Co. v. U.S. District Court for the District of Oregon*, 920 F.2d 1462 (9th Cir. 1990) ("(1) closure serves a compelling interest; (2) there is a substantial possibility that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives that would adequately protect the compelling interest.").

/////

As to Exhibit F, which contains defendant's medical records, a party has a strong interest in the confidentiality of his or her medical information. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also United States v. Maddawalaabuu Dadi*, No. CR18-0283, 2020 WL 5982007, at *1 (W.D. Wash. Oct. 8, 2020). The court finds that, in this case, that privacy interest outweighs the public's interest in access. The court further finds that, without sealing, the compelling interest identified by defendant would be harmed and there are no additional alternatives to sealing Exhibit F that would adequately protect the compelling interests in medical privacy.

However, the remaining exhibits (Exhibits C-E) appear to be prison records not directly implicating medical privacy interests. Defendant has not yet made a sufficient showing to justify sealing these documents. While the sole case defendant cites, *Wilridge v. Marshall*, No. C 09-2236 SI, 2013 WL 255852, at *1 (N.D. Cal. Jan. 23, 2013), does acknowledge that certain documents from within that defendant's prison "C-File" were sealed by the court, the cited decision does not explain what information in those records warranted sealing and/or how the *Oregonian* factors were applied. The court is unaware of any authority indicating that prison records require sealing as a matter of course.

Accordingly, defendant's request to seal is:

(1)  GRANTED as to Exhibit F; and

(2)  DENIED WITHOUT PREJUDICE as to Exhibits C-E.

IT IS SO ORDERED.

Dated:   April 26, 2021

_____
UNITED STATES DISTRICT JUDGE